## ROBINSON v. DISTRICT COURT OF THE SECOND JUDICIAL DISTRICT, in and for Weber County.

No. 2173.   Decided January 23, 1911 (113 Pac. 1026).

COURTS—SUPREME COURT—CERTIORARI—CONSTITUTIONAL PROVISION. Comp. Laws 1907, section 2630, provides that certiorari may be granted by the Supreme Court, or by a District Court, or a judge thereof, in certain cases.   Const., art. 8, section 4, provides that the Supreme Court shall have original jurisdiction to issue writs of mandamus, certiorari, prohibition, quo warranto and habeas corpus, and each justice shall have power to issue writs of habeas corpus.   *Held*, that the Supreme Court,

and not a justice thereof, is authorized to issue writs of certiorari, and if the statute in terms confers such power on a justice of that court it must give way to the Constitution.  (Page 381.)

Certiorari by the People, on the relation of Brigham M. Robinson, to require the Judge of the District Court of Weber County to certify the record of certain proceedings.

WRIT DENIED.

*T. D. Johnson, Willis & DeVine, H. H. Henderson,* and *John C. Davis* for petitioner.

*Maginnis & Maginnis, A. G. Horn,* and *Halverson & Pratt* for respondent.

PER CURIAM.  The petitioner, in chambers, applied to a justice of this court for a writ of certiorari, directed to the judge of the District Court of Weber County, requiring him to certify to this court the record of certain proceedings set forth in the application.  The writ, on behalf of this court, was so issued by such justice.  On return day a motion was made to quash the writ on the ground that the Supreme Court only, and not a member or justice thereof, could properly issue such a writ.  Until recently it had been the practice since statehood for a justice of this court to issue such writs under such circumstances.  The statute (Comp. Laws 1907, section 3630) provides that a writ of certiorari "may be granted by the Supreme Court, or by a district court, or a judge thereof, when an inferior tribunal, board, or officer exercising judicial functions" has exceeded jurisdiction.  It was assumed by the justice issuing the writ, as had theretofore been assumed, that the statute conferred authority upon him to issue the writ.

Our attention, however, is called to the provisions of Const. section 4, art. 8, which provides that "the Supreme Court shall have original jurisdiction to issue writs of mandamus, certiorari, prohibition, quo warranto and habeas

corpus. Each of the justices shall have power to issue writs of habeas corpus, to any part of the state, upon petition by or on behalf of any person held in actual custody and may make such writs returnable before himself or the Supreme Court, or before any district court or judge thereof in the state." Under this provision we think the Supreme Court, and not a justice thereof, is authorized to issue a writ of certiorari, and if the statute in terms confers such a power on a justice of this court it must give way to the Constitution. The writ, therefore, will be quashed, and the attempted order heretofore made staying proceedings in the district court vacated.

At the hearing we, with the consent of the parties, announced that we would regard the affidavit or petition heretofore presented as an application to the court for a writ. We are of the opinion that the facts stated therein are not sufficient to entitle the petitioner to a writ.

The order for the writ is therefore denied.